IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ADP, INC., et al.,

      Plaintiffs,                    No. CIV S-07-2439 LEW DAD

     v.

WILLITS MOTORS OF
SUSANVILLE, INC.,                ORDER

      Defendant.
_____/

      Plaintiffs have filed and served a motion for entry of default judgment. In accordance with Local Rule 72-302(c)(19), plaintiffs have noticed their motion for hearing before the assigned magistrate judge on a date that meets the requirements of Local Rule 78-230.

      Plaintiffs did not seek entry of default by the clerk pursuant to Rule 55(a) of the Federal Rules of Civil Procedure prior to filing the motion for entry of default judgment.

> A *default* occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An *entry of default* is what the clerk enters when the default is established by affidavit or otherwise. Fed. R. Civ. P. 55(a). After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a *default judgment*.

New York Life Ins. Co. v. Brown, 84 F.3d 137, 141 (5th Cir. 1996) (footnote omitted). "Federal Rule of Civil Procedure 55(b) contemplates that a default judgment may be sought <u>after</u> default

1

has been entered against a defendant." <u>Montgomery v. Noll</u>, No. C 06-4407 SI (pr), 2007 WL 2141247, at *1 (N.D. Cal. July 25, 2007) (emphasis in original).  Put another way, "an entry of default is a prerequisite to a default judgment under Rule 55(b)." <u>Lee v. Bhd. of Maint. of Way Employees</u>, 139 F.R.D. 376, 380 (D. Minn. 1991).  <u>See</u> also William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, <u>Federal Civil Procedure Before Trial</u> § 6:8 ("After defendant's default has been entered, plaintiff may apply for a judgment based on such default.") & § 6:83 (application for default judgment by the court "may be made any time after entry of defendant's default," and the date of entry should be included in the application) (2007).

Plaintiffs' motion for default judgment was filed prematurely, and the subsequent filing of a request for entry of default did not cure the defect.

Accordingly, IT IS ORDERED that plaintiffs' February 12, 2008 motion for entry of default judgment will not be placed on the court's March 14, 2008 law and motion calendar and the motion is denied without prejudice to the filing of a new motion that complies with the requirements of Federal Rule of Civil Procedure 55(b).

DATED: February 19, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
DDad1/orders.civil/adp2439.mdj.prem