IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADP, INC. and ADP COMMERCIAL LEASING, LLC, | |
| Plaintiffs, | No. CIV S-07-2439 LEW DAD |
| v. | |
| WILLITS MOTORS OF SUSANVILLE, INC., | <u>ORDER AND</u> |
| Defendant. | <u>FINDINGS AND RECOMMENDATIONS</u> |
| _____/ | |

This matter came before the court on April 4, 2008, for hearing of plaintiffs' motion for entry of default judgment. Robert H. Nunnally, Esq. appeared on behalf of plaintiffs. No appearance was made on behalf of defendant.

At the hearing, the court directed counsel to file a supplemental declaration concerning the computation of damages requested by plaintiff ADP Commercial Leasing, LLC. The supplemental declaration of Kenneth Schlegel was filed on April 9, 2008.

Having considered all written materials submitted in connection with plaintiffs' motion, as well as the arguments made at the hearing, the undersigned recommends that plaintiffs' motion be granted.

/////

1

BACKGROUND

Plaintiff ADP, Inc. is a Delaware corporation with its principal place of business in New Jersey. Plaintiff ADP Commercial Leasing, LLC is a Delaware limited liability company with its principal place of business in New Jersey. Defendant Willits Motors of Susanville, Inc. was an automobile dealership that was incorporated in California and had its principal place of business in Susanville, California. Plaintiffs provide services to dealerships.

On November 12, 2007, plaintiffs initiated this action seeking damages for defendant's breach of contract, together with interest, attorney's fees, and costs, or restitution for unjust enrichment. On November 19, 2007, plaintiffs' complaint and summons were served by personal delivery to Verlin L. Willits, registered agent for defendant Willits Motors of Susanville, Inc. Service was effected by an authorized agent of the Sheriff-Coroner of Butte County. Despite personal service on its registered agent, defendant failed to respond to plaintiffs' complaint and failed to appear in this action. The Clerk of the Court entered defendant's default on February 22, 2008, pursuant to plaintiffs' request filed February 13, 2008.

The motion for entry of default judgment now before the court was filed on February 27, 2008. The motion is supported by the declarations of plaintiff's counsel, Robert H. Nunnally, Jr.; a vice-president of ADP, Inc., Greg Raupp; and the manager of accounts receivable for ADP Commercial Leasing, LLC, Kenneth W. Schlegel, and by exhibits attached to those declarations.

LEGAL STANDARDS

Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for entry of default judgment. Upon entry of default, the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven. Dundee Cement Co. v. Howard Pipe & Concrete Prods., 722 F.2d 1319, 1323 (7th Cir. 1983) (citing Pope v. United States, 323 U.S. 1 (1944), and Geddes v. United Fin. Group, 559 F.2d 557 (9th Cir. 1977)); see also TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir.

1987). Where damages are liquidated (i.e., capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits), judgment by default may be entered without a damages hearing. See Dundee, 722 F.2d at 1323. Unliquidated and punitive damages, however, require "proving up" at an evidentiary hearing or through other means. Dundee, 722 F.2d at 1323-24; see also James v. Frame, 6 F.3d 307, 310-11 (5th Cir. 1993).

Granting or denying default judgment is within the court's sound discretion, see Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986), and the court is free to consider a variety of factors in exercising that discretion, see Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The court may consider such factors as:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26).

## ANALYSIS

The detailed allegations of plaintiffs' complaint, taken as true pursuant to the default entered against the defendant, establish the following facts: ADP, Inc., through its dealer services group division, provides dealer management services to automobile dealers; in 2005 ADP, Inc. entered into a master service agreement with defendant Willits Motors of Susanville, Inc. (Willits Motors) through its president, V.L. Willits; ADP Commercial Leasing, LLC leases software and equipment to automobile dealers; in 2005, ADP Commercial Leasing, LLC entered into a master equipment lease agreement with defendant Willits Motors to provide computer equipment, software, and related services; defendant breached its obligations to ADP, Inc. by failing to pay sums due, by sending a letter repudiating its obligations and duties, by failing to remain in operation, and by selling the dealership; defendant breached its obligations to ADP Commercial Leasing, LLC by failing to pay sums due, by selling the dealership, and by failing to

pay proceeds of that sale to ADP Commercial Leasing, LLC pursuant to its security interest in the dealership.

Despite the fact that plaintiffs' complaint was personally served on defendant's registered agent, defendant failed to answer or otherwise appear in this action. The Clerk entered defendant's default, and plaintiffs now seek entry of default judgment for actual damages of approximately $120,000.00, along with pre-judgment and post-judgment interest, attorney's fees in the amount of $1,357.50, and costs of $431.64.

Weighing the factors suggested in <u>Eitel v. McCool</u>, the undersigned has determined that default judgment against defendant is appropriate. The complaint is sufficient, and the amount of money at stake is relatively small, particularly because plaintiffs seek only actual damages, interest at the rate specified in the parties' agreements, and reasonable attorney's fees and court costs. Plaintiffs will be prejudiced if default judgment is denied because plaintiffs will be without other recourse for recovery. In light of the Clerk's entry of default against defendant, there is no apparent possibility of a dispute concerning the material facts underlying the action. There is no indication that defendant's default resulted from excusable neglect, as defendant repudiated its obligations to plaintiffs, and plaintiffs gave defendant proper notice of their complaint and their intent to pursue damages.

Although public policy generally favors the resolution of a case on its merits, defendant's failure to appear and defend itself against plaintiffs' claims makes a decision on the merits impossible in this case. Because the relevant factors weigh in plaintiffs' favor, the undersigned, while recognizing the public policy favoring decisions on the merits, will recommend that default judgment be granted against defendant.

After determining that entry of default judgment is warranted, the court must next determine the terms of the judgment. The court turns first to the amount of damages to be awarded. Plaintiff ADP, Inc. seeks actual damages of $87,037.13. The amount sought is composed of $12,258.57 for sums past due as of September 2007, computed in accordance with

paragraph 18A of the Master Services Agreement, and $74,778.56 for liquidated damages, computed in accordance with paragraph 18B of the Master Services Agreement.  The undersigned finds that the amount sought by plaintiff ADP, Inc. is supported by the Raupp declaration and attached exhibits.  (Raupp Decl. ¶¶ 6 & 7, Exs. A, B & C.)

In plaintiffs' complaint and in their motion for summary judgment, plaintiff ADP Commercial Leasing LLC has requested actual damages in the amount of $33,739.62.  However, the Schlegel declaration that accompanied plaintiffs' motion accounts for damages in the amount of $30,936.09, consisting of $26,608.74 (for 38 unpaid monthly lease payments of $700.23) and $4,327.35 for the value of the leased equipment retained by defendant.  Because the discrepancy could not be clarified at oral argument, counsel was directed to file a supplemental declaration. In his supplemental declaration, declarant Schlegel accounts for actual damages in the amount of $33,403.98, consisting of $26,608.74 for the unpaid lease payments due pursuant to the Master Equipment Lease Agreement; $1,929.13 for sales tax on the unpaid lease payments; $225.03 for late charges on the past due payments; $4,327.35 for the value of the leased equipment not returned by defendant; and $313.73 for sales tax on the equipment.  Sales tax and late charges are authorized by the Master Equipment Lease Agreement.  (Schlegel Decl. dated Jan. 31, 2008, Ex. A ¶¶ III.E & XII.)  The undersigned finds that plaintiff ADP, Inc. should be awarded actual damages of $33,403.98, as supported by the supplemental Schlegel declaration and by Exhibit A to the first Schlegel declaration.  (Schlegel Decl. dated Jan. 31, 2008, ¶ 4, Ex. A; Supplemental Schlegel Decl. dated Apr. 9, 2008, ¶ 4.)

Plaintiff ADP, Inc. seeks pre-judgment interest in the amount of $7,732.91 for the period from September 30, 2007 through February 27, 2008, and additional interest from February 28, 2008 through the date of judgment at the rate of $43.04 per day.  The Master Services Agreement between plaintiff ADP, Inc. and defendant supports plaintiff's request.  (See Raupp Decl., Ex. A ¶ 3E.)  Plaintiff ADP Commercial Leasing, LLC seeks pre-judgment interest in the amount of $5,021.95 for the period from May 31, 2007 through February 27, 2008, and

additional interest from February 28, 2008 through the date of judgment at the rate of $16.68 per day.  The Master Equipment Lease Agreement between plaintiff ADP Commercial Leasing, LLC and defendant supports plaintiff's request. (See Schlegel Decl. dated Jan. 31, 2008, Ex. A ¶ XV.) Both plaintiffs seek post-judgment interest accruing on all amounts awarded at the federal rate of 2.08% per annum until paid.  The undersigned will recommend that pre-judgment and post-judgment interest be awarded as requested.

  Plaintiffs jointly seek fees and costs of $1,789.14, consisting of $1,357.50 for attorneys' fees and $431.64 for costs.  The agreements entered into by the parties support this request. (See Raupp Decl., Ex. A. ¶18A; Schlegel Decl. dated Jan. 31, 2008, Ex. A ¶ XV.)  The undersigned finds that the amount of fees and costs requested is supported by the declaration of plaintiffs' counsel and Exhibit B attached thereto.  (Nunnally Decl. ¶¶ 6-10 & Ex. B.)

  IT IS HEREBY ORDERED that plaintiffs shall serve a copy of these findings and recommendations on defendant by mail at the address where service of process was effected and shall file proof of such service within ten days after these findings and recommendations are filed; and

  IT IS RECOMMENDED that:

  1. Plaintiffs' February 27, 2008 motion for entry of default judgment be granted;

  2. Judgment be entered for plaintiffs as follows:

   a. Plaintiff ADP, Inc. shall recover from defendant actual damages in the amount of $87,037.13, pre-judgment interest in the amount of $7,732.91 for the period from September 30, 2007 through February 27, 2008, and pre-judgment interest in the amount of $43.04 per day from February 28, 2008 until the date of judgment;

   b. Plaintiff ADP Commercial Leasing, LLC shall recover from defendant actual damages in the amount of $33,403.98, pre-judgment interest in the amount of $5,021.95 for the period from May 31, 2007 through February 27, 2008, and pre-judgment interest in the amount of $16.68 per day from February 28, 2008 until the date of judgment;

     c. Plaintiffs shall recover from defendant post-judgment interest on all sums awarded to plaintiffs at the rate of 2.08% per annum until paid in full; and

     d. Plaintiffs shall recover from defendant fees and costs in the amount of $1,789.14.

  The findings and recommendations set forth above are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty days after being served with these findings and recommendations, any party may serve and file written objections with the court.  Such a document should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 11, 2008.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
DDad1\orders.civil\adpinc2439.mdj.f&r